UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JESUS SALGADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:16-CV-176; 2:10-CR-79(1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 109].[1] The United States responded in opposition [Doc. 110]. Petitioner did not reply to the Government's response. For the reasons discussed below, the Court finds that Petitioner's § 2255 motion is without merit and will **DENY** and **DISMISS** the motion **WITH PREJUDICE**. Because the record conclusively establishes that Petitioner is not entitled to collateral relief on his claims, the Court finds it unnecessary to hold an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

**I.  BACKGROUND**

A criminal complaint was filed against Petitioner and two codefendants on August 2, 2010, followed by an eight-count federal grand jury indictment on August 10, 2010 [Docs. 1, 20]. The indictment charged Petitioner in Count 1 with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841; in Count 2 with aiding and abetting possession of a firearm in furtherance of drug trafficking

---

[1] All docket references are to the underlying criminal case, Case Number 2:10-CR-79.

crimes in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2; in Count 3 with aiding and abetting the possession of 500 grams or more of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and 18 U.S.C. § 2; in Count 4, with aiding and abetting possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2; in Count 5 with being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A) and § 924(a)(2); and in Count 6 with being an alien in possession of ammunition in violation of 18 U.S.C. § 922(g)(5)(A) and § 924(a)(2) [Doc. 20].

Some two months later, the parties negotiated—and Petitioner signed—a plea agreement under which he would plead guilty to the lesser included offense related to Count 1, to wit, conspiracy to distribute and to possess with the intent to distribute 500 grams or more of cocaine, and to Count 2, the possession of a firearm in furtherance of a drug trafficking crime, as charged in the indictment [Doc. 35, Plea Agreement, ¶1]. Under the plea-agreement provisions, Petitioner stipulated that a conservative estimate of the amount of drugs he conspired to distribute or possessed with the intent to distribute was 3.5 kilograms of cocaine and that the .32 caliber pistol discovered by law enforcement agents during a search was possessed in furtherance of drug trafficking [*Id.*, Plea Agreement, ¶ 5(f)]. In another provision, Petitioner waived his right to file a § 2255 motion or a collateral attack on his conviction or sentence, excluding claims of ineffective assistance of counsel or prosecutorial misconduct unknown to him by the time of entry of the judgment [*Id.*, Plea Agreement, ¶ 15(b)].

Seven days later, on October 14, 2010, Petitioner pled guilty to those two offenses [Doc. 40]. The Court accepted his guilty pleas and referred the matter to the United States Probation Office for a Presentence Investigation Report (PSR) [*Id.*].

Using the drug quantity stipulated in the plea agreement, the probation officer who prepared the PSR noted that Petitioner's base offense level was thirty [PSR ¶ 27]. The probation officer determined that Petitioner's offense level should be increased by two levels under § 3B1.1(b) of the 2010 version of the United States Sentencing Guidelines based on Petitioner's role as a manager or supervisor [*Id.* ¶ 30]. The probation officer found the increase warranted based on evidence showing that Petitioner paid a codefendant to operate the stash house and to act as a runner, that Petitioner earned a greater share of the profits from the conspiracy than his codefendants, and that he was paying the utilities for the stash house [*Id.*]. A three-level reduction for acceptance of responsibility yielded a total offense level of twenty-nine, which, along with a criminal history category of II, resulted in an advisory Guidelines range of 97 to 121 months [*Id.* ¶¶ 33, 44, 58]. However, because the firearms offense carried a 60-month consecutive term of imprisonment, Petitioner's effective Guidelines range increased to 157 to 181 months [*Id.* ¶ 58].

The government moved for a two-level downward departure of Petitioner's base level offense pursuant to 18 U.S.C. §3553(e) and § 5K1.1 of the Guidelines, recommending a reduction in the Guidelines range to 108 to 135 months [Doc. 180 (sealed)]. The Court granted the government's motion; dismissed the remaining counts upon oral motion of the government; and imposed a net 108-month term of imprisonment, the lowest sentence in Petitioner's Guidelines range (as adjusted for the downward departure) [Docs. 85, 90 (Judgment)].

Petitioner did not file a direct appeal. Instead, he moved for a sentence reduction based on Amendment 782 of the U. S. Sentencing Guidelines, which lowered the base offense level for many drug offenses [Doc. 95]. The Court granted Petitioner's motion and reduced his crack conspiracy sentence from 48 months to 38 months, for a new net sentence of 98 months [Doc. 113].

3

After filing his sentence-reduction motion, Petitioner submitted this pro se § 2255 motion to vacate, claiming that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), he should not have received a five-year sentence for the offense of possession of a firearm in furtherance of a drug trafficking crime [Doc. 109].

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. DISCUSSION

### A. Waiver

As set forth in paragraph 15(b) in the plea agreement [Doc. 35], Petitioner waived his right to file a motion to vacate, except as to claims of ineffective assistance and prosecutorial misconduct. It is well recognized that a party may waive a provision intended for his benefit in a contract or statute. *Shutte v. Thompson*, 82 U.S. 151, 21 L.Ed. 123, 15 Wall. 151 (1872). Even fundamental constitutional rights may be waived, and the waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th

Cir. 2007)b; *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of his right to file a § 2255 motion voluntarily and knowingly, the waiver is valid and enforceable.

Here, there is little doubt that Petitioner knowingly and voluntarily entered into this waiver provision in his plea agreement. Although no transcript of the Court's change of plea hearing is in the record, this Court recalls that it verified, in testimony under oath by Petitioner, that he had read the plea agreement or that the plea agreement had been read to him, that he discussed the plea agreement with counsel and understood all its provisions, that he had read specifically paragraph 15(b), containing the waiver provision or that it had been read to him, and that he had had fully discussed the waiver provision with his attorney. The claims raised by Petitioner in this motion do not fall within the limited category of claims where he retained a right to file a § 2255 motion, and his claims are barred by the waiver provision.

### B. Claims Based on *Johnson v. United States*

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id.* at 2563. Thus, under *Johnson*, an ACCA sentence, and only an ACCA sentence, raises due process concerns; moreover, such concerns arise only if the resulting sentence is based on predicate violent felonies that qualified as such under the ACCA's residual clause. To be clear, Petitioner was not sentenced under the ACCA, and it is difficult to discern how *Johnson* affords him any relief.

5

However, if the Court charitably construes Petitioner's *Johnson*-based claim as asserting that that his § 924(c) firearm conviction does not constitute a "crime of violence," as defined in § 924(c)(3)(B),[2] and that it did not trigger the § 924(c) conviction, the binding law in this circuit forecloses any such claim. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit discussed four "significant differences" between the ACCA's residual clause and the residual clause in § 924(c)(3)(B) and found that "the argument that *Johnson* invalided [§ 924(c)(3)(B)'s residual clause] is . . . without merit." *Id.* at 376-79. Those same significant distinctions compel the Court to conclude likewise that Petitioner's *Johnson* claim is without merit.

Finally, even if *Johnson* has some impact on § 924(c)(3)(B)'s residual clause, Petitioner's § 924(c) conviction was predicated on the possession of a firearm in furtherance of a drug trafficking crime, not of a crime of violence [Doc. 90].

Because *Johnson* did not affect Petitioner's sentencing on the firearms conviction, that decision cannot serve as a basis for granting § 2255 relief.

## IV. CONCLUSION

For the reasons discussed in this opinion, Petitioner's § 2255 motion [Doc. 109] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith. Fed. R. App. P. 24(a). Therefore, Petitioner

---

[2] Section 924(c) provides, in relevant part:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> . . .
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(B).

will be **DENIED** leave to proceed *in forma pauperis* on appeal. Lastly, the Court must decide whether to issue a certificate of appealability ("COA"), bearing in mind that the Sixth Circuit has expressed disapproval of a blanket denial or grant of a COA. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). The above individual assessment of Petitioner's claims—both explicit and inferred—demonstrate that they have no validity and do not merit close attention by counsel or the circuit court. *Porterfield*, 258 F.3d at 487. The Court therefore finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and, thus, a COA **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**A SEPARATE JUDGMENT WILL ENTER.**

**ENTER:**

                                                                s/J. RONNIE GREER
                                            UNITED STATES DISTRICT JUDGE